IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| Patriot Industrial, LLC, | ) | Civil Action No. 8:18-cv-01396-JD |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Patriot Partners, LLC, Patriot Solutions, | ) | **OPINION AND ORDER** |
| LLC, Group of Patriots, LLC, Patriot | ) | |
| Automation, LLC, ASAG SC, LLC, RBO | ) | |
| Holdings, LLC, Robert A. Merritt, Gregory | ) | |
| S. Hughes, and Charles K. Stewart, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Patriot Partners, LLC, Patriot Solutions, | ) | |
| LLC, Group of Patriots, LLC, Patriot | ) | |
| Automation, LLC, ASAG SC, LLC, RBO | ) | |
| Holdings, LLC, Robert A. Merritt, Gregory | ) | |
| S. Hughes, and Charles K. Stewart, | ) | |
| | ) | |
| Third-Party Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HKA Enterprises, LLC, HKA Enterprise | ) | |
| Holdings, LLC, and HKA Enterprises | ) | |
| Group, Inc. | ) | |
| | ) | |
| Third-Party Defendants. | ) | |
| | ) | |

This is a breach of contract case arising out of the sale of business assets related to the construction and installation of high-voltage power lines. After a seven day jury trial, this Court granted Plaintiff Patriot Industrial, LLC ("Patriot-Buyer" or "Buyer" or "Plaintiff") and Third-Party Defendants HKA Enterprises, LLC, HKA Enterprise Holdings, LLC, and HKA Enterprises Group Inc. (collectively, "HKA" or "Third-Party Defendants") motions for directed verdict against

1

Defendants and Third-Party Plaintiffs Patriot Solutions, LLC, Patriot Partners, LLC, Group of Patriots, LLC, Patriot Automation, LLC, ASAG, LLC, RBO Holdings, LLC, Robert A. Merritt ("Merritt"), Gregory S. Hughes ("Hughes"), and Charles K. Stewart ("Stewart") (collectively, "Patriot-Seller" or "Third-Party Plaintiffs" or "Defendants").[1] (DE 257.) Pending before the Court is Patriot-Seller's post trial Motion to Dismiss and to Vacate for Lack of Subject Matter Jurisdiction pursuant to Rule 12(b)(1), Fed. R. Civ. P. (DE 265.) Patriot-Seller contends that there is no diversity of citizenship between the parties, as required by 28 U.S.C. § 1332; therefore, the Court lacks authority to adjudicate this matter. For the reasons set forth herein, Patriot-Seller's motion is granted.

## BACKGROUND

On May 23, 2018, Patriot-Buyer filed this lawsuit against Patriot-Seller asserting this Court has jurisdiction "under 28 U.S.C. § 1332 by virtue of the Plaintiff's and Defendants' diversity of citizenship, and the amount in controversy exceeding $75,000.00." (DE 1, ¶ 13.) In the complaint, Patriot-Buyer alleged that "Plaintiff is a limited liability company, formed in Delaware. Plaintiff is winding down all business operations and has no principal place of business. Plaintiff is a subsidiary of HKA Enterprise Holdings, Inc., a Delaware corporation []." (DE 1, ¶ 2.) In addition, the complaint alleges that defendants Patriot Solutions, LLC, Group of Patriots, LLC, Patriot Automation, LLC, ASAG SC, LLC, and RBO Holdings, LLC are South Carolina limited liability companies with principal places of business in Anderson County, South Carolina. (DE 1, pp. ¶¶ 3-8.) The complaint also alleges that defendants Merritt, Hughes, and Stewart are members and managers of each limited liability company of the defendants. (DE 1, ¶¶ 9-11.) Since the parties

---

[1] This Court entered a judgment against Patriot-Seller in "the amount of seven million, one hundred thousand dollars, plus one million, six hundred thousand dollars, plus four million dollars, for a total of twelve million, seven hundred thousand dollars ($12,700,000), plus [post judgment] interest at the rate of 3.11 %." (DE 258.)

2

included limited liability companies, the Court issued a text order requiring them to identify "the citizenship of all members for the purpose of determining whether the requirements of federal subject matter jurisdiction are satisfied." (DE 61, citing 28 U.S.C. 1332; <u>Gen. Tech. Applications, Inc. v. Exro Ltda</u>, 388 F. 3d 114, 121 (4th Cir. 2004) (holding that "[a limited liability company] is an unincorporated association, akin to a partnership for diversity purposes, whose citizenship is that of its members.").)  Patriot-Buyer responded to the Court's text order stating,

> Counsel for Patriot Industrial, LLC, CP Industrial Services, LLC, HKA Enterprises, LLC, and HKA Enterprise Holdings, LLC would show the following: Patriot Industrial, LLC is a Delaware limited liability company. CP Industrial Services, LLC is a Delaware limited liability company and owns all interest in Patriot Industrial, LLC. HKA Enterprises, LLC is a South Carolina limited liability company. HKA Enterprise Holdings, LLC is a Delaware limited liability company and owns all interests of HKA Enterprises, LLC and of CP Industrial Services, LLC. *HKA Enterprises Group, Inc. is incorporated in the State of Delaware* and owns all interest in HKA Enterprise Holdings, LLC.

(DE 65, p. 2 (emphasis added).)  Patriot-Seller also responded by confirming that defendants Merritt, Hughes, and Stewart are the members and managers of Defendants' limited liability companies, and they are citizens of South Carolina.  (DE 65, p. 2.)  Although Patriot-Buyer indicated that its parent corporation was HKA Enterprise Group, Inc. ("HKEG"), a Delaware corporation, Patriot-Buyer did not disclose HKEG's principal place of business.  Neither the parties nor the Court made further inquiry or adjudication of jurisdiction until this present motion.[2]

After Patriot-Seller's motion challenging the Court's subject matter jurisdiction, (DE 265), the Court entered an order stating:

> TEXT ORDER regarding 265 Defendants/Third Party Plaintiffs' Motion to Dismiss for lack of subject matter jurisdiction.  After an order by the Court (DE 61), Plaintiff Patriot Industrial made a declaration identifying the members and ownership interests of Patriot Industrial, LLC as follows:  Patriot Industrial, LLC is a Delaware limited liability company. CP Industrial Services, LLC is a Delaware limited

---

[2]   At that time, this matter was pending before the Honorable Timothy M. Cain.  The record is devoid of any further inquiry or adjudication regarding the issues raised in the text order (DE 61), the parties' responses (DE 65), or any information or dispute regarding HKEG's principal place of business.

> liability company and owns all interest in Patriot Industrial, LLC. HKA Enterprises, LLC is a South Carolina limited liability company. HKA Enterprise Holdings, LLC is a Delaware limited liability company and owns all interests of HKA Enterprises, LLC and of CP Industrial Services, LLC. HKA Enterprises Group, Inc. is incorporated in the State of Delaware and owns all interest in HKA Enterprise Holdings, LLC. (DE 65.) However, neither this language nor Plaintiff's response to (DE 265) identifies the principal place of business of HKA Enterprises Group, Inc. See Cent. W. Virginia Energy Co. v. Mountain State Carbon, LLC, 636 F.3d 101, 103 (4th Cir. 2011) (a corporation is a citizen of the states in which it has been incorporated and in which it has its principal place of business).
>
> Therefore, Plaintiff Patriot Industrial, LLC, is directed to file a supplemental declaration *identifying HKA Enterprises Group, Inc.'s Principal Place of Business as of the filing of the Complaint* by October 19, 2022.

(DE 283 (emphasis added).) Patriot-Buyer responded with an affidavit of James Marvin Anderson ("Anderson"), a director of HKEG. Anderson disclosed that HKEG was governed by a seven-member board of directors who conducted business by phone, email, and video conference. (DE 284-1, ¶ 10.) Five of the directors conducted business in South Carolina, and the other two from North Carolina and Indiana. (Id.) However, Anderson noted that HKEG was not the actual owner of Patriot-Buyer on the date this lawsuit was filed; rather, HKA Holdings, Inc. ("HKA Holdings"), a Delaware corporation was the owner. (DE 284-1, ¶ 8.) Anderson indicated that HKA Holdings was a holding company with four directors, including himself, with three directors based in South Carolina and one director based in Indiana. (DE 284-1, ¶ 10.) Anderson indicated that the directors conducted business by phone, email, and video conference. (Id.)

With this parent corporation confirmed as of the filing of this action, which is consistent with the complaint but contradicts Patriot-Buyer's initial declaration in response to the Court, (DE 65), the Court issued the following order:

> TEXT ORDER: Although subject matter jurisdiction in this action is premised on diversity of citizenship, Plaintiff Patriot Industrial LLC did not initially disclose the principal place of business for HKA Enterprise Group, Inc, a corporation Plaintiff identified as having sole ownership of Patriot Industrial, LLC. (DE 65.) In response to the Court's order (DE 283) directing Plaintiff to identify the principal

place of business for HKA Enterprises Group, Inc., Plaintiff submitted an affidavit of James Marvin Anderson (DE 284) which states in pertinent part:

> When the Complaint was filed on May 23, 2018, Buyer Patriot was technically owned by HKA Holdings[,] [Inc]. Ten days later, on June 2, 2018, that ownership switched to HKA Enterprises Group, Inc. (HKEG), a Delaware corporation, in connection with an internal corporate reorganization which included appointing Brad Lukehart as the chief of operations of HKA and all of its businesses. (DE 284, [¶] 8.) Furthermore, Plaintiff stated [t]he directors of HKA Holdings Inc. were [James Marvin Anderson], Bruce Clayman, Reg Greiner, and John Madia. Bruce Clayman, Reg Greiner and [James Marvin Anderson] were based in South Carolina, while John Madia was based in Indianapolis, Indiana. (Id. at [¶] 10.) The burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it. Hertz Corp. v. Friend, 559 U.S. 77, 96, (2010). *To that end, given HKA Holdings, Inc. had an internal corporate reorganization which purportedly affected the overall direction, control, and coordination of the company in May 2018, additional clarification is necessary to determine where each director conducted this reorganization since this company rather than HKA Enterprise Group, Inc. owned Patriot Industrial, LLC when this lawsuit was filed.* See Hertz Corp., 559 U.S. at 9293 (["][P]rincipal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities.["])
>
> Therefore, no later than October 31, 2022, *Plaintiff shall file a supplemental declaration indicating the role and the place where each director identified in (DE 284) directed, controlled, and coordinated all of HKA Holdings, Inc.'s activities to include the internal corporate reorganization on and before May 23, 2018.* Thereafter, the parties may file position statements regarding the supplemental declaration within five (5) days.

(DE 287 (emphasis added).) Patriot-Buyer responded with an affidavit of David S. Song ("Song") a member in good standing of the Bar of the State of New York and corporate counsel to HKA Enterprises, LLC, and its affiliates (collectively, "HKA") since 2015. According to Song, although "Anderson was seeking to retire and scale back his direct involvement in the various HKA businesses" in early 2018, HKA Holdings was managed by a board of directors composed of Marvin Anderson, Bruce Clayman, Reg Greiner, and John Madia. (DE 288, ¶ 6.) Furthermore, Song indicated, "Mr. Anderson held the titles of Chief Executive Officer, President and Treasurer and Mr. Clayman held the title of Vice President and Secretary." (Id.) In addition, Mr. Anderson and Mr. Clayman resided in South Carolina and, for the most part, made their decisions as directors

of HKA Holdings, including decisions related to HKA's reorganization, from South Carolina."

(DE 288, ¶ 7.)

The parties have filed several responses and replies to Anderson and Song's declarations and to the motion to dismiss. Patriot-Buyer contends the motion should be denied because

> District Court Judge Timothy M. Cain, who originally presided over this case, specifically reviewed whether subject matter jurisdiction based upon diversity existed. To the extent Old Patriot seeks to challenge Judge Cain's determination, the time to do so has long expired. Second, no party has ever disputed that this Court had subject matter jurisdiction over the original case filed by NESCO, LLC d/b/a NESCO Rentals ("NESCO"), in which NESCO asserted claims against Buyer Patriot and Old Patriot.

(DE 270, p. 2.)

## LEGAL STANDARD

Federal district courts are courts of limited subject matter jurisdiction. "They possess only the jurisdiction authorized them by the United States Constitution and by federal statute." United States v. ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2008). As such, "there is no presumption that the court has jurisdiction." Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999) (citing Lehigh Mining & Mfg. Co. v. Kelly, 160 U.S. 327, 327 (1895)). Indeed, when the existence of subject matter jurisdiction over a claim is challenged under Fed. R. Civ. P. 12(b)(1), "[t]he plaintiff has the burden of proving that subject matter jurisdiction exists." Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999); see also Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). If subject matter jurisdiction is lacking, the claim must be dismissed. See Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006).

Lack of subject matter jurisdiction is a nonwaivable defense. See Rule 12(h), Fed. R. Civ. P. "[C]hallenges to a federal court's subject matter jurisdiction may be raised at any time, and the court has an independent duty to assess whether it may adjudicate a dispute. Meyn Am., LLC v. Omtron USA, LLC, 856 F. Supp. 2d 728, 732 (M.D.N.C. 2012), citing Ins. Corp. of Ireland, Ltd.

v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982); Plyler v. Moore, 129 F.3d 728, 731 n. 6 (4th Cir. 1997). "Accordingly, questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court." Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004). Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it. See Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010).

"When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), 'the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.'" Evans, 166 F.3d at 647. "The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Richmond, Fredericksburg & Potomac R.R. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). "The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Richmond, Fredericksburg & Potomac R.R. v. United States, 945 F.2d at 768. "The district court should grant the Rule 12(b)(1) motion to dismiss 'only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" Evans, 166 F.3d at 647.

## DISCUSSION

The Court finds at the time this lawsuit was filed, based on the declarations of Anderson and Song, that Patriot-Buyer's principal place of business was South Carolina. HKA Holdings' officers, namely Anderson, its Chief Executive Officer, President, and Treasurer, and Clayman, the corporation's Vice President and Secretary, along with a third director, directed, controlled,

7

and coordinated the corporation's activities from South Carolina. Nevertheless, Patriot-Buyer contends diversity subject matter jurisdiction was already established based on Judge Cain's "determination" or, in the alternative, by third-party claims asserted by NESCO against Patriot-Buyer and Patriot-Seller. (DE 270.) The Court disagrees.[3] Notwithstanding Patriot-Buyer's previous judicial determination defense, this Court equally rejects Patriot-Buyer's supplement jurisdiction claim. Patriot-Buyer contends

> *[w]here, as here, the district court has jurisdiction over the lead claims for the litigation*, the court has discretion to exercise supplemental jurisdiction over crossclaims between defendants that are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). The claims over which a district court exercises supplemental jurisdiction do not need to independently satisfy the requirements for diversity subject matter jurisdiction. See, e.g. [sic], United Capitol Ins. Co. v. Kapiloff, 155 F.3d 488, 493 (4th Cir. 1998) (claims between co-defendants do not need to independently satisfy federal court jurisdictional requirements)

(DE 270, p. 4) (emphasis added.) However, there is no jurisdiction over the lead claim because Patriot-Buyer is wholly owned by HKA Holdings, and HKA Holdings' principal place of business is South Carolina. See Capps v. Newmark S. Region, LLC, No. 21-1196, 2022 U.S. App. LEXIS 31636, at *5 (4th Cir. Nov. 16, 2022) ("The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the [federal] judicial power' . . . and is 'inflexible and without exception.'" (first alteration in original) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998))); see also Steel Co., 523 U.S. at 94 ("Without jurisdiction

---

[3]     As a threshold matter, this Court categorically rejects Patriot-Buyer's supposition that Judge Cain ruled on this issue. See n. 2. While Patriot-Buyer concedes "Judge Cain did not issue a formal order," even so, given this Court's further inquiry (DE 283, DE 287), it is clear the record was devoid of any evidence regarding HKEG's principal place of business. Moreover, while Patriot-Buyer's response to Judge Cain's order, (DE 65), represents HKEG as its parent corporation, Plaintiff's Complaint, (DE 1, ¶ 2), indicates that HKA Holdings was the actual parent corporation when this lawsuit was filed. Judge Cain did not consider this discrepancy. Furthermore, as noted in the declarations, Anderson and Song, HKA Holdings Chief Executive Officer, President, Vice President, Treasurer, and Secretary, along with a third director, were directing, controlling, and coordinating the corporation's activities from South Carolina. Accordingly, Judge Cain could not have made a "determination" on the issue before the Court today.

the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it [fails] to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.")

Diversity jurisdiction requires complete diversity of the parties, meaning no plaintiff can be a citizen of the same State as any defendant. "For purposes of diversity jurisdiction, the citizenship of a limited liability company . . . is determined by the citizenship of all of its members []." Central West Virginia Energy Co. v. Mountain State Carbon, LLC, 636 F.3d 101, 103 (4th Cir. 2011). The Supreme Court in Carden v. Arkoma Associates, has made clear stating:

> In sum, we reject the contention that to determine, for diversity purposes, the citizenship of an artificial entity, the court may consult the citizenship of less than all of the entity's members. We adhere to our oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of 'all the members,' [Chapman v. Barney, 129 U.S. 677, 682 (1889)], 'the several persons composing such association,' [Great S. Fire Proof Hotel Co. v. Jones, 177 U.S. 449, 456 (1990)], 'each of its members,' [United Steelworkers of Am., AFL-CIO v. R. H. Bouligny, Inc., 382 U.S. 145, 146 (1965)].

Carden v. Arkoma Assocs., 494 U.S. 185, 195-96 (1990). Applying this rule of law, "[a limited liability company] is an unincorporated association, akin to a partnership for diversity purposes, whose citizenship is that of its members." Gen. Tech. Applications, Inc. v. Exro Ltda, 388 F. 3d 114, 121 (4th Cir. 2004). However, unlike a limited liability company or a partnership, for purposes of diversity jurisdiction, "a corporation is a citizen of the states in which it has been incorporated *and* in which it has its principal place of business." Central West Virginia Energy Co., 636 F.3d at 102 (emphasis added). If any member of the limited liability company is a corporation, the limited liability company will be deemed a citizen of the states where that member corporation is incorporated as well as where it maintains its principal place of business. See Id. at 103. Further, a corporation's principal place of business is "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." Hertz, 559 U.S. at 80.

9

The party asserting diversity jurisdiction has the burden of proving jurisdiction to a preponderance of the evidence. See McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S. Ct. 780, 80 L.Ed. 1135 (1936) see also Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999) (When the existence of subject matter jurisdiction over a claim is challenged under Fed. R. Civ. P. 12(b)(1), "[t]he plaintiff has the burden of proving that subject matter jurisdiction exists."). Patriot-Buyer has not met its burden here. Accordingly, the Court finds that Patriot-Seller's members are citizens of South Carolina and Patriot-Buyer's parent corporation's principal place of business is South Carolina. Therefore, diversity subject matter jurisdiction is lacking, and this case must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant Patriot-Seller's motion is granted, all previous orders are vacated, and Plaintiff's complaint is dismissed.

**IT IS SO ORDERED.**

                                                Joseph Dawson, III
                                                United States District Judge

December 6, 2022
Florence, South Carolina